[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13935
Non-Argument Calendar
_____

D.C. Docket No. 0:18-cr-60061-FAM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTHONY CHARLES DWIGHT BOX,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 12, 2019)

Before TJOFLAT, JORDAN, and BRANCH, Circuit Judges.

PER CURIAM:

Anthony Charles Dwight Box appeals his 36-month sentence imposed pursuant to a guilty plea for theft of government money in violation of 18 U.S.C. § 641.[1] Box argues that the sentence is unreasonable because, in imposing an upward variance from the sentencing Guideline range of 24 to 30 months, the district court erred in relying upon (1) his education level, (2) his 1989 conviction for possession of counterfeit currency with the intent to defraud, and (3) his failure to pay restitution. We affirm.

## I.    BACKGROUND

A federal grand jury indicted Box on one count of theft of government money in violation of 18 U.S.C. § 641 and five counts of money laundering in

---

[1]

> Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof; or
> Whoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted—
> Shall be fined under this title or imprisoned not more than ten years, or both; but if the value of such property in the aggregate, combining amounts from all the counts for which the defendant is convicted in a single case, does not exceed the sum of $1,000, he shall be fined under this title or imprisoned not more than one year, or both.
> The word "value" means face, par, or market value, or cost price, either wholesale or retail, whichever is greater.

18 U.S.C. § 641.

2

violation of 18 U.S.C. § 1957. Box pleaded guilty to the theft of government money count in exchange for the dismissal of the other counts.

According to the Presentence Investigation Report, Box falsely reported on his 2011 tax return that he had gross gambling winnings of $3,775,000 from a poker tournament, $1,057,000 in tax withholdings, and $3,525,266 in gambling losses, resulting in a claimed refund of over $900,000. The IRS approved payment of the refund, applied $250,000 to Box's 2005 and 2006 tax liabilities, and issued a check to Box for the remaining $735,463.69.

Box's base offense level pursuant to U.S.S.G. § 2B1.1(a)(2) was six. Pursuant to U.S.S.G. § 2B1.1(b), a 14-level increase was imposed because the loss amount was greater than $550,000 but less than $1,500,000. After a 3-level decrease for acceptance of responsibility, the total offense level was 17. Box's criminal history reflected a 1989 conviction for possession of counterfeit federal reserve notes with the intent to defraud that had resulted in a sentence of two years of probation. The PSI did not add any criminal history points for the conviction, resulting in a criminal history category of I. Based on the total offense level and criminal history category, the Guideline range was 24 to 30 months. The PSI also reflected that pursuant to 18 U.S.C. § 3663A and U.S.S.G. § 5E1.1, Box owed mandatory restitution to the IRS in the amount of $988,175.

3

At the sentencing hearing, the court asked what happened to the money that Box had received from the IRS. Box explained that, due to offsets, the check Box received from the IRS was in the amount of $735,000, $260,000 went to the person who helped Box file the tax return, $200,000 went to a broker, $120,000 was invested in a business that failed, and $150,000 was "just spent on, you know, living life." Box explained that he had not paid any money toward restitution. Box requested a Guideline sentence, and the government recommended a sentence at the low end of the guidelines range.

The court expressed concern over the government's recommendation because of Box's 1989 conviction, which meant that "he should have known better." Further, the court noted that the crime of conviction was a fraud-related offense similar to that at issue here and that "[p]eople who commit fraud have a tendency to repeat their fraud." The court also explained that Box's law degree and master's degree counseled in favor of a harsher sentence "because [he's] been given opportunities." In sum, the court explained that it was imposing an upward variance because of the 1989 conviction, Box's educational background, and the fact that no restitution had been paid. The court sentenced Box to 36 months imprisonment and 3 years of supervised release and imposed restitution in the amount of $988,175. The court gave Box an opportunity to object to the reasonableness of the sentence, but he did not do so.

4

## II.    DISCUSSION

Box says that he is challenging his sentence on the grounds of reasonableness without specifying whether he means procedural or substantive reasonableness. The government reads his brief as raising only substantive reasonableness. We agree with that assessment.[2]

This Court generally reviews the substantive reasonableness of a sentence for abuse of discretion. *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014). However, in this case, Box failed to object to the substantive reasonableness of his sentence, which raises the issue of whether we should review his sentence for plain error. The Supreme Court recently granted certiorari to decide whether abuse of discretion or plain error review applies when the defendant has failed to object to the substantive reasonableness of the sentence, *Holguin-Hernandez v. United States*, -- S. Ct. --, 2019 WL 429919 (June 3, 2019). Accordingly, in an abundance of caution, and because Box's arguments fail under either standard of review, we apply the more lenient standard of abuse of discretion.

---

[2] To the extent Box challenges his sentence on grounds of procedural reasonableness, because he did not so object at the time of sentencing, this Court reviews for plain error. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). To prevail on plain error review, the appellant must "demonstrate (1) that the district court erred; (2) that the error was 'plain'; and (3) that the error 'affect[ed his] substantial rights.'" *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 732, 734 (1993)). A district court commits procedural error when it miscalculates the Guideline range, treats the Guidelines as mandatory, fails to consider the relevant § 3553(a) factors, selects a sentence based on erroneous facts, or fails to explain the sentence selected. *Gall v. United States*, 552 U.S. 38, 51 (2007). The district court did not commit any of these errors, and thus, did not plainly err.

5

"The party challenging a sentence has the burden of showing that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015). "A district court abuses its considerable discretion and imposes a substantively unreasonable sentence only when it '(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors.'" *Id.* (quoting *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc)).

When reviewing the reasonableness of an out-of-guidelines sentence, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51. We will vacate a sentence "if, but only if, we 'are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.'" *Irey*, 612 F.3d at 1190 (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)).

Under § 3553(a), a sentencing court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" in

6

§ 3553(a)(2), which include the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a)(2). The court must also consider other statutory factors, including, as relevant here, the nature and circumstances of the offense and the history and characteristics of the defendant; "the kinds of sentences available"; and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(1), (3), (6). The court is not required to discuss or state each factor explicitly; it is sufficient for the court to acknowledge that it has considered the defendant's arguments and the § 3553(a) factors. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). Although the court must consider all applicable § 3553(a) factors, the weight given to any specific factor is committed to the sound discretion of the district court. *Rosales-Bruno*, 789 F.3d at 1254. A district court is permitted to consider lack of remorse in its § 3553(a) analysis "as to several factors, such as the characteristics of a defendant, the need to promote respect for the law, and the need to protect society." *United States v. McNair*, 605 F.3d 1152, 1231 (11th Cir. 2010).

Box has not met his burden of proving his sentence is substantively unreasonable. We address each of Box's three specific objections to his sentence in

turn. The district court made an individualized assessment based on the facts before it and the § 3553(a) factors. Although the court focused on Box's history and characteristics as well as deterrence, it was within its discretion to give great weight to these factors. *See Rosales-Bruno*, 789 F.3d at 1254. The district court's upward variance resulting in a 36-month sentence that was 6 months more than the Guideline range is significantly less than the statutory maximum of ten years, 18 U.S.C. § 641, which is another indicator of reasonableness. *See Gonzalez*, 550 F.3d at 1324. For the reasons that follow, none of Box's four specific objections to his sentence persuade us that the sentence is nevertheless unreasonable.

First, Box argues that the sentence is unreasonable because the district court relied on his failure to pay any money toward his $988,175 mandatory restitution. This Court has recognized that a defendant's "inability to pay restitution in full [is] an impermissible factor in so far as it is not among the factors listed in § 3553(a)." *United States v. Plate*, 839 F.3d 950, 957 (11th Cir. 2016). However, that is not to say that restitution is irrelevant as § 3553 requires the district court to consider "the need to provide restitution to any victims of the offense." *Id.* at n.6 (quoting 18 U.S.C. § 3553(a)(7).

Here, the context shows that district court did not consider restitution in terms of Box's inability to pay but with respect to the appropriate factor of the nature and circumstances of the offense and the characteristics of the defendant.

8

The court asked Box how much money he received from the IRS to which Box responded that he received $735,000. The court then asked where the money went. Box responded that $260,000 went to the person who helped him file the tax return, $200,000 went to a broker, $120,000 was invested in a business that failed, and $150,000 was "just spent on, you know, living life." The district court then asked how much Box had paid back to which he responded "zero." The district court then said that it was imposing an upward variance based on the fact that "no amount of restitution has been paid," Box's educational background, and Box's previous conviction.

The district court could within its discretion, and as one factor in the analysis, consider Box's lack of remorse and callous disregard for the consequences of his actions in stealing money from the government, failing to give an accounting of where a substantial amount of that money went, and failing to pay *any* of it back or develop a plan to do so. *See McNair*, 605 F.3d at 1231. Although the district court did not state explicitly that it was considering restitution in this light, it is clear from the court's discussion that it was. *See United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013) ("the district court should set forth enough information to satisfy the reviewing court [that it] has considered the parties' arguments and has a reasoned basis for making its decision" but need not state that it has explicitly considered each of the § 3553(a) factors).

9

Second, Box argues the district court abused its discretion in considering his level of education, including his master's degree and law degree. The district court explained that it thought a more severe sentence appropriate for someone who is more highly educated because that person has had more opportunities than someone who is less educated. The government expressed that it did not necessarily agree with this general proposition but that in Box's case, his level of education showed that he "knew better." One of the § 3553(a) factors is the history and characteristics of the defendant, which could include the defendant's education level. *See* 18 U.S.C. § 3661 ("[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense" for sentencing purposes).

Third, Box argues the district court abused its discretion in considering his 1989 conviction for possession of counterfeit currency with the intent to defraud. He argues that the court should not have considered the conviction because it was 25 years old and it would not have increased his Guidelines range even if it had been counted toward his criminal history. The conviction was nevertheless an appropriate consideration for the court as it relates to "the history and characteristics of the defendant." *See United States v. Williams*, 526 F.3d 1312, 1324 (11th Cir. 2008) (explaining that consideration of previous fraud-related crimes "fits squarely into one of the § 3553(a) factors, the history and

characteristics of the offender"). Further, the court explained that its specific concern with the conviction was that it was another fraud-related conviction, and thus it was appropriate for the court to consider Box's previous conviction in order "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B).

Finally, Box argues that the court should have considered his involvement in civic organizations as a mitigating factor. However, the court is not required to discuss every mitigating factor, and here, Box's involvement in civic organizations does not "compel the conclusion that the sentence crafted in accordance with the 18 U.S.C. § 3553(a) factors was substantively unreasonable." *United States v. Snipes*, 611 F.3d 855, 873 (11th Cir. 2010).

In sum, Box failed to meet his burden of showing that the district court abused its discretion by imposing an unreasonable sentence. Because the district court did not abuse its discretion, Box has also failed to show plain error.

**AFFIRMED.**